UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-cv-00050-LLK

LESLIE YARBROUGH                                                              PLAINTIFF

v.

ANDREW SAUL, Acting Commissioner of Social Security               DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. Plaintiff's motion for summary judgment (arguing that the Administrative Law Judge's ("ALJ's") findings are not supported by substantial evidence in light of the administrative record) and the Commissioner's response in opposition are at Docket Number ("DN") 14 and DN 20. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 12].

Because Plaintiff's two arguments are unpersuasive and the ALJ's decision is supported by substantial evidence, this Opinion and Order will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Plaintiff's first argument is unpersuasive.**

First, Plaintiff argues that the ALJ erred in "fail[ing] to consider Listing 5.08," [DN 14 at 5], which defines the following per-se disabling medical condition:

> [1] Weight loss due to any digestive disorder despite continuing treatment as prescribed, [2] with BMI [body mass index] of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period.

20 C.F.R. § 404 Appendix 1, Listing § 5.08.

Plaintiff persuasively argues that, during the latter half of 2013 and the latter half of 2016, he satisfied the second requirement of having a "BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period." [DN 14 at 3, 6, 7].

Plaintiff concedes that he does not satisfy (literally) the first requirement of "[w]eight loss due to any digestive disorder," [DN 14 at n.2], but contends that:

> … [a]lthough the listing relates to "digestive disorders," for purposes of determining medical equivalency, any impairment deemed severe may satisfy the requirements for Listing 5.08.  See 20 C.F.R. § 404.1526, 20 C.F.R. Pt. 404, Subpt. P., App 1, § 5.00G. See also Soc. Sec. Rul. 17-2p.[1]

[DN 14 at 6]. Plaintiff suggests his weight loss may be due to depression, anxiety, or Marfan's Syndrome. *Id.* at n.2. The ALJ found that Plaintiff's medically determinable depression and anxiety are situational following the death of his wife in February 2013. [DN 11 at 18-19].

Plaintiff's first argument is unpersuasive for three reasons.

First, the ALJ did not deem Plaintiff's depression, anxiety, or Marfan's Syndrome (if the ALJ considered Marfan's Syndrome at all) to be a severe. On the contrary, the ALJ found that Plaintiff suffers from (only) the following severe, or vocationally significant, impairments: degenerative disc disease, osteoarthritis of the hips and knees, and right shoulder tendonitis. [DN 11 at 18]. Plaintiff does not allege or prove he suffers from severe depression, anxiety, or Marfan's Syndrome.

Second, Plaintiff does not allege or prove any "continuing treatment as prescribed" as required by Listing 5.08.

Third, the ALJ was not required to discuss Listing 5.08 because Plaintiff did not allege a digestive disorder and did not "raise the listing before the ALJ." *Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013).

**Plaintiff's second argument is unpersuasive.**

---

[1] Social Security Ruling ("SSR") 17-2p does not apply in this case because it became effective on March 27, 2017, 2017 WL 3928306, at *1, and Plaintiff filed his applications for benefits prior to March 27, 2017, [DN 11 at 15].

Second, Plaintiff argues that the ALJ erred in finding that he "has acquired work skills [that are transferable] from past relevant work" as a tractor-trailer truck driver to the jobs of light chauffeur, car rental deliverer, and route delivery clerk. [DN 14 at 8 referencing DN 11 at 26-27]. According to Plaintiff, Social Security Ruling ("SSR") 82-41 required the ALJ (before finding Plaintiff can work as a chauffeur, car rental deliverer, and route delivery clerk) to "identify the specific [transferable] skills" at issue, and "neither the ALJ's decision, nor the VE's testimony, identified the specific skills purportedly acquitted by Plaintiff." *Id.* at 10.

Plaintiff's second argument is unpersuasive for three reasons.

First, the ALJ explicitly based her finding regarding transferable job skill on acceptance of the testimony at the administrative hearing of the "impartial vocational expert [VE]." [DN 11 at 26]. There was no attempt on the ALJ's part to apply the Appendix 2 grid rules in the absence of vocational testimony. "[T]he testimony of a vocational expert identifying specific jobs available in the regional economy that an individual with the claimant's limitation could perform can constitute substantial evidence supporting an ALJ's finding at step 5 that the claimant can perform other work." *Wilson v. Comm'r*, 378 F.3d 541, 549 (6th Cir. 2004). SSR 82-41 applies "only when an ALJ relies solely on the grid [with no VE testimony], in which cases the ALJ must ascertain whether the claimant has transferable skills in order to apply the grid." *Id.*; *see also Kyle v. Comm'r*, 609 F.3d 847, 856-57 (6th Cir. 2010) ("The VE listed the … jobs to which [Kyle's] skills could transfer and the ALJ was correct to rely on this testimony, given the VE's ability to tailor his findings to an individual's particular residual functional capacity.").

Second, Plaintiff forfeited the argument by not cross-examining the VE on the matter at the hearing. *See Harris v. Comm'r*, 598 F. App'x 355, n.9 (6th Cir. 2015) (failure to cross-examine the VE "severely undermines [Harris'] request for relief.").

Third, any error was, at worst, harmless because the VE testified that, even "without the transferability of skills issue," Plaintiff is still be able to perform jobs that exist in significant numbers in

3

the national economy such as light mailroom clerk, photocopy machine operator, and office helper. [DN 11 at 62]. *See Kornecky v. Comm'r*, 167 F. App'x 496, 507 (6th Cir. 2006) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result.").

### Order

Because Plaintiff's two arguments are unpersuasive and the ALJ's decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

April 30, 2021

Lanny King, Magistrate Judge
United States District Court